UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEATTLE FISHING SERVICES, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BERGEN INDUSTRIES AND FISHING CORPORATION, et al.,<br><br>Defendants. | CASE NO. C04-2405RSM<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND REMANDING TO STATE COURT |

This matter is before the Court on the motion to dismiss and for sanctions filed by defendant Keesal, Young and Logan ("KYL"), and joined by defendants Lavinia Corporation, Washington Mutual, Incorporated, and Washington Mutual Bank. Plaintiff has opposed the motions. For the reasons set forth below, the Court grants the motion to dismiss as to the federal claim under 42 U.S.C. § 1983, and remands the case to King County Superior Court, where it was originally filed.

BACKGROUND

This case arises out of a series of garnishment proceedings filed in state and federal court. In 2001, defendants Bergen Industries and Rybcomflot, along with others not named here, sued Holding Company Dalmoreproduct and OOO Dalmoreproduct Trawlers in the High Court of Justice, Queen's Bench Division of the Supreme Court of England and Wales. Judgment was entered against Holding Company Dalmoreproduct ("DMP") in an amount exceeding $48 million, and against OOO Dalmoreproduct Trawlers in an amount exceeding $67 million. DMP agreed in a Consent Order to deposit funds generated through fishing activities into a Seattle bank account in the name of Dalmoreproduct Fishing Services (DFS), and to provide the account number for such account.

ORDER GRANTING MOTION TO DISMISS
AND REMANDING TO STATE COURT - 1

The foreign judgment was registered in both state and federal court in this district. *See*, <u>Bergen v. Joint Stock Holding Company</u>, C01-1994Z; <u>Bergen v. Joint Stock Holding Company et al.</u>, King County Superior Court Cause No. 01-2-35169-9 SEA. The garnishee in the federal action was Dalmoreproduct Fishing Services LLC ("DFS"), a Washington limited liability company. Bergen and Rybcomflot also filed a miscellaneous action for writ of garnishment against DMP, naming defendant Washington Mutual Bank[1] as a garnishee defendant in that action. <u>Bergen Industries and Fishing, et al. v. Joint Stock Holding Company Dalmoreproduct</u>, MS01-158TSZ. In answering the writ of garnishment, Washington Mutual asked the Court "to determine whether or not the named defendant is the same entity as the defendant named in the writ based on a similarity of names." Dkt. # 16, <u>MS01-158Z</u>. Upon the motion of DMP in <u>C01-1994Z</u> to dismiss the registration of judgment, the Court dismissed the action for lack of jurisdiction and vacated the writs of garnishment. Dkt. # 40, <u>C01-1994Z.</u>

The subsequent events are well summarized in the unpublished decision of the Washington State Court of Appeals, Division I:

> In December 2001, prior to the dismissal of the federal action, Bergen initiated parallel proceedings and registered its foreign judgment in King County Superior Court. In these proceedings, Bergen sought and issued new writs upon WaMu[2] and upon DFS. The state court writ to WaMu was similar to the federal court writ, but did not identify the three bank accounts. Like the federal writ, it identified DMP, not DFS, as the judgment debtor/defendant. The writ was served on January 18, 2002. WaMu answered, stating that defendant maintained a bank account at WaMu but that it held no funds in the account. It made the same request to the court to determine the identity of the parties. WaMu then amended its answer, stating that it had frozen funds pursuant to the prior federal writ such that "if the Federal action fails, the amount available to the creditor in the state action is $551,719.26."
>
> As required by RCW 6.27.290, the court issued a citation to DFS to appear and answer concerning its identity. DFS answered the citation, stating that it was not the same person as DMP. DFS demanded a hearing pursuant to RCW 6.27.290. The court set an identity of parties hearing for May 16, 2002. In the interim, the funds in the accounts WaMu held in DFS's name remained frozen. WaMu sought and obtained a court order on March 19, 2002, permitting it to deposit the frozen funds into the court's registry pending a hearing to determine the ownership of the funds.
>
> The identity of parties issue was eventually resolved by summary judgment. The court

---

[1]Washington Mutual Bank is named in this action as Washington Mutual, Inc., a Washington corporation; Washington Mutual Bank, A Washington bank; and Washington Mutual Bank, FSB, a Washington bank. They will collectively be referred to herein as Washington Mutual.

[2]Washington Mutual Bank is referred to as "WaMu" in the state court proceedings.

ORDER GRANTING MOTION TO DISMISS
AND REMANDING TO STATE COURT - 2

found that DMP and DFS were not the same person and ordered the funds released to DFS. The trial court did not address DFS's alternative basis for seeking summary judgment, that chapter 6.27 RCW is unconstitutional. In its order the trial court ordered the funds be released to DFS. However, the court stayed its order "for 30 days to permit appeal or alternative relief." On August 29, 2002, the court granted Bergen's motion to make DFS a party to supplemental proceedings to determine ownership of the funds, and enjoined the court clerk from releasing funds in the court's registry to DFS pending the outcome of supplemental proceedings. On DFS's motion, the court ordered Bergen to post a $150,000 bond to secure the litigation. Bergen posted the bond.

In addition to the WaMu writ of garnishment, Bergen obtained a separate state court writ directed to DFS as garnishee, naming DMP as judgment debtor/defendant. This writ was served on January 18, 2002, the same day the WAMu writ was served. DFS answered that it had no indebtedness to DMP. Through declarations filed by its president in this action, DFS asserted that all the funds in the accounts belonged to DFS, as compensation for DFS's services to DMP. Bergen controverted DFS's answer, stating it had good reason to believe that DFS's answers to the writs were incorrect. The superior court consolidated the identity of parties issue with the supplemental proceedings to which it had made DFS a party. On August 29, 2003, the jury awarded approximately half the frozen funds to Bergen. The court determined that Bergen was the prevailing party in the controversion action and awarded Bergen attorney fees and costs under RCW 6.27.230.

<u>Bergen Industries and Fishing Corporation, et al., v. Joint Stock Holding Company Dalmoreproduct, et al.</u>, No. 53351-7-1, Washington State Court of Appeals, Division I (March 28, 2005).

Plaintiff Seattle Fishing Services, LLC ("SFS")[3] filed this action in state court, naming as defendants Bergen and Rybcomflot (neither of which has appeared), Lavinia Corporation, the law firm of Keesal, Young and Logan ("KYL"), and Washington Mutual. KYL was the firm which represented Bergen in some of the above proceedings. The law firm of LeGros, Buchanan, and Paul ("LBP") has appeared as an interested party. Plaintiff alleges that defendants knowing submitted false and misleading statements to the state and federal court, withheld material facts, and thereby obtained illegal writs of garnishment. Plaintiff alleges that WaMu's conduct constituted defamation, breach of customer contract, wrongful dishonor, and violations of RCW 6.25.200 (wrongful garnishment), RCW 19.86 *et seq*., and 42 U.S.C. § 1983. Plaintiff further alleges that all defendants committed the "torts of defamation, abuse of process, violations of RCW 6.25.100, wrongful garnishment, 42 U.S.C. § 1983, and RCW 19.86 *et seq*." Complaint, ¶¶ 3.9, 3.10.

Defendant KYL removed the case to this Court on the basis of the § 1983 claim, with Washington

---

[3]Seattle Fishing Services, LLC is apparently a successor in interest or otherwise related to DFS, but plaintiff never states the relationship, instead stating throughout the complaint that SFS, rather than DFS, was involved in the above-described proceedings.

ORDER GRANTING MOTION TO DISMISS
AND REMANDING TO STATE COURT - 3

Mutual joining in the removal. Defendant KYL then moved to dismiss all claims and for sanctions under Fed.R.Civ. Proc. 11, again with Washington Mutual joining in the motions. Plaintiff has opposed the motion to dismiss and the motion for sanctions, and the interested party LBP has filed its own opposition to the motion for sanctions. LBP argues that counsel for plaintiff was not a member or shareholder of their firm at the time he filed the complaint, even though the complaint was filed on the firm's pleading paper, so any sanctions granted should not apply as to them.

## DISCUSSION

A Rule 11 motion for sanctions must be made "separately from other motions or requests . . . " F.R.Civ.Proc. 11(b)(1)(A).   Defendant's motion for sanctions is combined with the motion to dismiss, in violation of this rule. Accordingly, the motion for sanctions is DENIED, but without prejudice to renewal in state court.

In ruling on the motion to dismiss, the Court turns first to the § 1983 claim which formed the basis for removal. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that (a) the defendant acted under color of state law, and (b) the defendant's conduct deprived plaintiff of a constitutional right. Balistreri v. Pacifica Police Department, 901 F. 2d 696, 699 (9th Cir. 1988). In addition, the plaintiff must allege facts showing how each named defendant caused or personally participated in causing the harm alleged. Arnold v. IBM, 637 F. 2d 1350, 1355 (9th Cir. 1981).  The complaint has alleged neither required basis, instead simply throwing the § 1983 claim into the mix of torts for which plaintiff alleges the defendants should be held liable.   Thus, plaintiff has not shown how either Washington Mutual or KHL is a state actor amenable to suit under § 1983, or how the defendants deprived plaintiff of any constitutional right.

The Court notes that garnishment proceedings have been found, in some circumstances, to give rise to a § 1983 claim. In Lugar v. Edmondson Oil Company the Supreme Court found state action where a creditor's **pre**-judgment writ of attachment was executed by the county sheriff. Lugar, 457 U.S. 922 (1982). The Washington State Court of Appeals applied that rule in another case involving a pre-judgment writ of attachment. Van Blaricom v. Kronenberg, 50 P.2d 266, 270 (Wn. App. 2002).   The

 ORDER GRANTING MOTION TO DISMISS
AND REMANDING TO STATE COURT - 4

proceedings here, however, involved **post**-judgment writs of garnishment, which were not executed by a county sheriff but by a private party.   Only where the private party makes use of state collection procedures with the "overt, significant assistance" of state officials may state action be found. <u>Tulsa Professional Collection Services v. Pope</u>, 485 U.S. 478, 486 (1988).  The action of the court clerk in accepting and filing the writs of garnishment is not the type of "significant, overt assistance" contemplated by Court in <u>Tulsa</u>.  <u>Gaskell et al., v. Weir, et al.</u>, 10 F. 3d 626, 628 (9th Cir. 1993).  Nor was the garnishment here, obtained after registration of a judgment in the court and court hearings on the identity of the judgment debtor, obtained without due process within the meaning of <u>Van Blaricom</u>.  50 P. 2d at 270.

      As plaintiff has advanced no other support for his § 1983 claim, the Court finds that he has failed to state a claim under that statute.  Accordingly, the motion to dismiss of defendants KYL, joined by defendants Lavinia Corporation and Washington Mutual, is GRANTED as to the § 1983 claim against all defendants.

      Having dismissed the sole federal claim, the Court declines to retain supplemental jurisdiction over the remaining state law claims under 28 U.S.C.§ 1367(c).  This ruling takes into consideration the long and complicated history of the underlying matters in state court, and the fact that the federal court, in <u>C01-1994Z</u>, ultimately found it lacked jurisdiction over those underlying proceedings.  The Court further finds that matters of comity, convenience, fairness, and judicial economy favor remand rather than dismissal of the state law claims. <u>Carnegie-Mellon University, et al., v. Cohill</u>, 484 U.S. 343, 352 (1988).

      Accordingly, this case is hereby REMANDED to the King County Superior Court, cause number 04-2-36260-1 SEA.   The Clerk shall close this file and send a certified copy of this Order to the Clerk of Court for the King County Superior Court.

      DATED this   15   day of   June  , 2005.

                                    /s/ Ricardo S. Martinez
                                    RICARDO S. MARTINEZ
                                    United States District Judge

ORDER GRANTING MOTION TO DISMISS
AND REMANDING TO STATE COURT - 5